UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTAEUS ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01887-TWP-MJD |
| | ) |
| BRUCE LEMMON, | ) |
| DUSHAN ZATECKY, | ) |
| P. DUNCAN, | ) |
| GERARD SPEARS, | ) |
| JOSHUA SHAVER, | ) |
| YVONNE PECKHAM, | ) |
| WALTER CAMBELL, | ) |
| LEAH MARSDEN, | ) |
| D. WALLACE, | ) |
| M. COLSTOCK, | ) |
| S. CONLON, | ) |
| STOWERT, | ) |
| JEFF KING, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Antaeus Anderson, an inmate of the Indiana Department of Correction ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated in various ways. Because he is an Indiana prisoner, the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b).

**I. Background**

Anderson is currently confined at the Miami Correctional Facility, but his claims in this case arose from actions he alleges took place at the Pendleton Correctional Facility. 28 U.S.C. § 1915A(b) directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

### III. Dismissal of Certain Claims

Based on the foregoing screening, the following claims are **dismissed.**

Anderson's claims against Bruce Lemmon, the Commissioner of the IDOC, Dushan Zatecky, the Superintendent of the Pendleton Correctional Facility, and Gerard Spears must be **dismissed** because such claims are based solely on these defendants' supervisory roles. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees

are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability). Anderson has not alleged sufficient facts on the part of these defendants to raise a right to relief against them above a speculative level.

Similarly, his claim that Dr. Campbell has failed to investigate his complaints must be **dismissed** for the same reasons. Anderson has not sufficiently alleged that this defendant is personally responsible for the actions at issue.

Next, Anderson claims that M. Colstock provided a "trumped up" conduct report which resulted in his placement in segregation, hindering his "daily living functions and restrict[ing] various allotted liberties. The claim must be **dismissed** because placement in segregation by itself is insufficient to state the violation of a constitutional right. *See Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995), (state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."); *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005) ("In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered.").

Further, Anderson has not alleged any conditions he faced specific to his time in segregation that amount to cruel and unusual punishment under the Eight Amendment. Any claims against P. Duncan and J. King based on these same facts must also be **dismissed** for the reasons stated above.

The claim that on one occasion Officer S. Conlon provided Anderson with an insufficient meal tray must be **dismissed**. "One or two missed meals are not actionable as Eighth Amendment violations." *Curiel v. Stigler,* 2008 WL 904894, at *5 (N.D.Ill. Mar. 31, 2008); *see also Woods v. Schmeltz,* 2014 WL 4947340, at *1 (C.D.Ill. Oct. 2, 2014) (denial of one lunch tray did not state a claim); *Johnson v. Arbeiter,* 2010 WL 4717642, at *2 (S.D.Ill. Nov. 15, 2010) (inmate deprived of one meal did not state constitutional violation); *Brown v. Madison Police Dept.,* 2003 WL 23095753, *4 (W.D.Wis. May 15, 2003) (missing two meals on one occasion does not rise to constitutional violation); *Peace v. Strahota*, No. 14-CV-1608-PP, 2015 WL 3853031, at *4 (E.D. Wis. June 22, 2015).

The claim that counselor Y. Pechkam refused to provide Anderson copies of grievances in violation of IDOC policy is **dismissed**. Violation of IDOC policy does not amount to a constitutional deprivation. As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted).

Anderson alleges that he has a conflict of interest with Correctional Case Worker Yvonne Peckham that should have resulted in Peckham reassigning him but that she has kept him in her unit. Anderson asserts that this has resulted in interference with law library service, correspondence, grievances, and general legal work. Each of these claims must be **dismissed**

because Anderson has not sufficient alleged facts to show beyond speculation that any of these alleged deprivations amounted to a deprivation of Anderson's civil rights.

Anderson further alleges that Peckham is responsible for the infestation of his cell. But his claims regarding the infestation of his cell are currently proceeding in another case, *Anderson v. Stanley, et al.*, No. 1:15-cv-1634-SEB-DML. Anderson shall have **through July 15, 2016**, to **show cause why this claim against Peckham should not be dismissed as duplicative of that lawsuit. Otherwise, this claim against Peckham will be dismissed.**

The claim that Officer Stowart threatened him is **dismissed** because Anderson does not allege sufficient facts to raise the right to relief above a speculative level. The allegation that Officer Stowart "threatened" him is too conclusory to state a viable claim.

**Defendants Bruce Lemmon, Dushan Zatecky, Gerard Spears, M. Colstock, S. Conlon, and Officer Stowart shall be terminated on the docket.** No partial final judgment shall issue as to dismissal of these claims.

### III. Claims Asserted

The Court has identified the following claims:

- Anderson's claim that defendant Wallace exercised excessive force against him when Anderson placed his hand in the cuff port of his cell shall proceed;
- Anderson's claim that defendant Shaver retaliated against him for filing grievances by improperly handling those grievances shall proceed.

### IV. Principal Claim

The Court discerns the principal claim in this action is the claim that defendant Wallace exercised excessive force against him. **This claim shall proceed in this action.**

...

### V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Wallace in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### VI. Severance of Claims

The other claim asserted in the complaint is misjoined. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits. . . ."). The misjoined claim shall either be severed into two a new action or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through July 15, 2016,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claim will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 6/10/2016

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTAEUS ANDERSON
166285
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

D. Wallace
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton, IN 46064