UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTAEUS ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01887-TWP-MJD |
| | ) |
| | ) |
| D. WALLACE, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant D. Wallace ('Wallace"). Plaintiff Antaeus Anderson ("Anderson"), an inmate of the Miami Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that while confined by the Indiana Department of Correction ("IDOC") at the Pendleton Correctional Facility ("Pendleton"), Wallace exercised excessive force against him. Wallace moves for summary judgment arguing that Anderson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the following reasons, the Motion for Summary Judgment [Dkt. 47] is **granted**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light

most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. Undisputed Facts

Anderson was incarcerated at Pendleton at the time of the alleged excessive force. There is a grievance program in place at Pendleton, which was in place on October 23, 2015, when Anderson alleges that his rights were violated. Copies of the Offender Grievance Process and Grievance Forms are available to inmates from their assigned Case Workers, Case Managers, Unit Teams, or the facility Program Coordinator / Grievance Specialist.

Pursuant to the Offender Grievance Process, inmates can submit grievances on the actions of individual correctional officers and other staff, the manner in which those persons apply DOC's policies, procedures, or rules, and any other concerns or issues that relate to the conditions of care or supervision.

The grievance process at Pendleton includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the formal written grievance. Exhaustion of the grievance procedure requires an inmate to take each of these steps. If an inmate does not receive a response from staff in accordance with the established time frames, he is entitled to move to the next stage of the process.

Anderson alleges that on October 23, 2015, Wallace used excessive force against him in violation of the Eighth Amendment by assaulting him with a "cuff-port mechanism." There is no record that Anderson submitted any attempts to grieve the issue through the Offender Grievance Process either informally or formally, or file an appeal, on the appropriate forms as required by policy. Indiana Department of Correction records reflect that Anderson has filed grievances on other issues related to the conditions of his confinement.

On November 30, 2015, Anderson filed his complaint, 38 days after the incident is alleged to have occurred.

### III. Discussion

Wallace argues that Anderson failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or

futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). On the other hand, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Wallace argues that Anderson never filed a grievance with regard to his claims in this complaint and therefore failed to exhaust his available administrative remedies. Anderson does not dispute this, but appears to argue that his failure to exhaust should be excused because administrative remedies were not available to him. First, he argues that "good faith measures have been taken to pursue the Grievance Policy . . . in this matter." He goes on to state that: "All attempts have been either been not responded to, denied and not logged, and attempts at mailing have . . . been totally denied" and that Wallace used the grievance policy "to confuse and influence the outcome of complaint pursuit." But Anderson does not provide any specific evidence that he attempted to file a grievance based on the allegations of his claims in these cause and was somehow thwarted in doing so. He also does not submit evidence that he did not know how to pursue his administrative remedies or deny that he understood the proper procedure for submitting grievances. In fact, Wallace has submitted evidence that Anderson has filed grievances regarding other conditions during his incarceration. Without specific evidence to support his arguments, Anderson cannot overcome the evidence presented by Wallace that the administrative remedy process was available to Anderson, that he knew how to use it, and he failed to do so. In other words, Anderson's general and conclusory statements are insufficient to defeat Wallace's specific

4

evidence that Anderson failed to exhaust those administrative remedies that were available to him. *See Johnson v. Cambridge Indus.,* 325 F.3d 892, 901 (7th Cir. 2003).

Anderson also appears to argue that he was confused as to how to bring Wallace's alleged actions "under jurisdictional investigation," that Wallace should have been disciplined for "unbecoming conduct," and that Wallace does not deny the allegations of the complaint. But none of these arguments is relevant to the issue presented here – whether Anderson exhausted his available administrative remedies. The Offender Grievance Process is clear that it applies to complaints about prison officials. This requirement applies regardless of whether the officer is otherwise investigated for the conduct at issue. Anderson therefore had to use the Grievance Process to complain about the conduct he alleges in this case. Further, whether or not Wallace denies Anderson's allegation of excessive force is irrelevant at this stage of the case. As ordered in the Entry of August 23, 2016, all proceedings other than those related to the defense that Anderson failed to exhaust his available administrative remedies have been stayed until this defense is resolved.

In short, Wallace has shown that Anderson failed to exhaust his available administrative remedies and he is therefore entitled to summary judgment on Anderson's claims.

### IV. Conclusion

For the foregoing reasons, Wallace's motion for summary judgment [dkt 47] is **granted**. Judgment dismissing this action without prejudice shall now issue. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

**IT IS SO ORDERED.**

Date: 2/2/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTAEUS ANDERSON
#166285
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

All electronically registered counsel